UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-225-HRW

JOHN ELDRIDGE,                                                                    PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on November 26, 2003 (Tr. 56-59), alleging disability beginning on November 17, 2003, due to high blood pressure, chronic back, neck and leg pain and partial loss of the left non-dominant hand. This

application was denied initially and on reconsideration. On June 10, 2005, a video teleconference was conducted by Administrative Law Judge Steven A. DeMonbruem (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, Jean Hambrick, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 29, 2005, the ALJ issued his decision finding that Plaintiff was not

disabled.

Plaintiff was 29 years old at the time of the hearing decision. He has a tenth grade education. His past relevant work experience consists of work as a sawmill laborer.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 26).

The ALJ then determined, at Step 2, that Plaintiff suffered from chest pain with atypical angina, high blood pressure, back and leg pain secondary to cervical and lumbar strain, status / post T7 anterior wedge compression fracture, left non-dominant hand injury (during adolescence), personality disorder, anxiety disorder, intermittent explosive disorder, borderline intellectual functioning and acid reflux disease, which he found to be "severe" within the meaning of the Regulations (Tr. 26).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 27). In doing so, the ALJ specifically considered listings 1.01, 1.04, 2.02, 2.04, 4.02, 4.03, 5.01, 6.02, 11.04, 12.01, 12.02, 12.05, 12.06 and 12.08 (Tr. 19-20).

The ALJ further found that Plaintiff could not return to his past relevant

work (Tr. 27) but determined that he has the following residual functional capacity ("RFC"):

> [L]ift and/or carry . . . up to 10 pounds frequently and 20 pounds occasionally. He can sit, stand or walk up to 6 hours each. He can frequently climb steps and ramps, balance, kneel and crouch and can occasionally stoop and crawl. He should avoid tasks that require climbing of ladders, ropes and scaffolds or exposure to hazards due to complaints of dizziness and headaches. He should also avoid concentrated exposure to vibratory objects. The claimant's ability to deal with the public and interact with others is "moderately" limited and he is limited to simple, easy to learn unskilled work.

(Tr. 27).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform the full range of light work. The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE. Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 28, 2005 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment

[Docket Nos. 10 and 11] and this matter is ripe for decision.

### III.  ANALYSIS

**A.     Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) Plaintiff's level of functional illiteracy was not considered by the VE in responding to the ALJ's hypothetical; (2) the VE's testimony is inconsistent with the <u>Dictionary of Occupational Titles</u> ("DOT") and (3) that the ALJ's hypothetical did not fully incorporate Plaintiff's mental limitations.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that Plaintiff's level of functional illiteracy was not considered by the VE in responding to the ALJ's hypothetical. The Court is somewhat perplexed by this argument as the hypothetical question posed to the VE references a person with the **same** educational background as the Plaintiff (Tr. 445). Further, the VE was present during the testimony regarding Plaintiff's educational background, including his statement that he could not read or write (Tr. 431-432, 445). In addition, in his RFC, the ALJ limited the jobs available to Plaintiff to simple, unskilled work with easy to learn tasks (Tr. 27, 447-448). The Court finds that both the VE and the ALJ properly considered Plaintiff's educational level.

If Plaintiff is suggesting that the ALJ erred by not using the term "illiterate" in his hypothetical, he is mistaken. There is no such "magic word" requirement.

*See, Chandler v. Secretary of Health and Human Services*, 42 F.3d 1388, 1994 WL 669670, *3 (6th Cir. 1994). *See also, Hammond c. Apfel*, 211 F.3d 1269, 2000 WL 420680, *6 (6th Cir., 2000).

Plaintiff also contends that the VE's testimony is inconsistent with the Dictionary of Occupational Titles ("DOT"). However, there is no requirement that the ALJ rely exclusively upon a job description from the DOT. The DOT is one of many sources which an ALJ may consult for job descriptions. *See,* 20 C.F.R. 404.1566(d). Indeed, it is within the discretion of the ALJ to rely upon an expert, in lieu of or in addition to the DOT. *See,* SSR 00-04p. In this case, the VE has a master's degree as well as eight years of field experience (Tr. 46). Further, she stated that her testimony was based upon her personal observation of job requirements (Tr. 448-49). The ALJ reasonably found her to be qualified. Notably, Plaintiff did not object to the VE's qualifications (Tr. 443).

To the extent that there may have been a conflict between the VE's testimony and the DOT, it was within the province of the ALJ to resolve that conflict and reasonable for him to defer to an expert with current knowledge over the more general information contained in the DOT. In *Barker v. Shalala,* 40 F.3d 789 (6th Cir. 1994)*,* the United States Court of Appeals for the Sixth Circuit held that while the ALJ may take judicial notice of the classification in the DOT, the

ALJ may accept testimony of a vocational expert that is different from information in the DOT.  Again, the social security regulations do not require and ALJ or an expert to rely on classifications in the DOT.   20 C.F.R. § 404.1566(d).  *See also, Conn v. Secretary of Health and Human Services*, 51 F.3d 607, 610 (6th Cir. 1995).

The Court finds no error in the VE's testimony nor the ALJ's reliance upon the same.

Finally, Plaintiff argues that that the ALJ's hypothetical did not fully incorporate Plaintiff's mental limitations.   Plaintiff appears to contend that the ALJ committed reversible error by failing to incorporate, verbatim, the opinion of a temporarily licensed  psychology associate who examined Plaintiff.

"It is well established that an ALJ may pose hypothetical questions to a [VE] and is required to incorporate only those limitations accepted as credible by the finder of fact."  *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the report from the psychology associate appears to have internal inconsistencies.   For example, she notes that Plaintiff "was not psychologically limited in his ability to function in an occupational capacity" and is capable of performing simple tasks, while also stating that Plaintiff "does not have the psychological resources available to adapt and respond appropriately" to

pressures found in the work setting (Tr. 188). Further, her report was inconsistent with other, credible medical evidence of record. To-wit, the findings of two non-examining consultants in his hypothetical to the VE. Contrary to Plaintiff's argument, non-examining consultants are a valid source of information for the ALJ and their opinions are to be weighed with the other evidence in the record. 20 C.F.R. §§ 404.1527 (f)(2)(I), 416.927 (f)(2)(I).

Having reviewed the record, the Court finds that the hypothetical posed accurately portrays the RFC as formulated based upon the objective medical evidence. The record is devoid of credible evidence suggesting functional limitations beyond those found by the ALJ. Given the objective medical evidence in the record, the hypothetical was factually supported by the evidence of record and, thus, the response thereto constitutes substantial evidence in support of the ALJ's decision.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 6, 2006.



Signed By:
Henry R Wilhoit Jr.
United States District Judge